Curia, per

Earle, J.
The attachment Acts authorize justices of the peace to grant writs of attachment, in certain cases, on the oath of the plaintiff, returnable, either to the next court for the district or before themselves, according to the amount sued for. The cases provided for, in which justices have this extraordinary jurisdiction, are—1. Where the debtor is removing out of the district privately; 2. Where he absconds and conceals himself, so that the ordinary process of law cannot be served upon him ; 3. Where be intends to remove his effects. Although it has been held, in McKenzie vs. Buchan, (1 N. & McC., 205,) that the oath of the plaintiff, establishing the particular state of facts which gives jurisdiction to the justice, need not be in writing, yet it is clear, both on general principle and on authority, that it should be recited in the writ. This is universally true, of all courts of inferior and limited jurisdiction, that their proceedings must show, upon their face, that the subject matter is within their jurisdiction, else they will be regarded as nullities. And velT many cases⅜will be found in the English courts, and in our own, of their being quashed on motion. The general rule, as stated by the Court in Winford vs. Powell, (2 Lord Raymond, 1310,) in regard to inferior courts, is, that nothing shall be intended to be within the jurisdiction, that is not expressly averred so to be; though, in the case of a superior jurisdiction, nothing shall be intended out of it. (6 Mod., 223; 5 Mod., 322; Str., 8; 6 Term., 583.)
Wherever a special authority is given to justices, it ought to appear that the authority has been exactly pursued. And, said Lord Chancellor *307 Pratt, in a. case before him, “ I do not see to what purpose we exercise a superior intendency over all inferior jurisdictions, unless it be to inspect their proceedings, and see whether they are regular or not. I have often heard it said, that nothing shall be presumed, one way or the other, in an inferior jurisdiction.” If the proceeding show, upon its face, that the justice had no authority to grant the attachment, or if it fail to show that he had, then no judgment could be given upon it, either by himself or the Circuit Court; but the whole is an absolute nullity; and it is of no consequence in what way the defect is brought to the view of the Court, or at whose motion it is quashed. The case of Hagood vs. Hunter, (1 McC. 511,) is exactly this case, and perhaps it would be enough to refer to it. There the affidavit was, that the defendant “was about to remove from and without the limits, or so abscond and conceal himself.” Here the oath is, that “he is about to remove out of the state, personally, or so abscond and conceal himself.” To authorize the attachment, there should be a precise allegation of some one of the three categories which give jurisdiction. To be about to remove out of the State, personally, is very different from being in the act of removing privately out of the district, and would not authorize the justice to grant, the attachment. There is as much reason to suppose the writ issued on that part of the oath as on the other. Indeed, I would consider an affidavit, or the recital of one, in the disjunctive, as bad, although either of the facts deposed to might be sufficient. This is very unlike the cases of Havis vs. Trapp and Gresham vs. Deale. (2 N. & McC. 130.) There the motion was to allow the defendant to introduce affidavits of himself and others, to contradict on the oath of the plaintiff, and to quash the indictment because it was not true. This was refused, because it would make up a collateral issue, upon a point on which the Act had provided that the oath of the plaintiff should alone be sufficient. And the Court properly refused to go into evidence aliunde, when the attachment was regular and valid on its face.
See Supra. 264; note 266. An.
Wardlaw and Perrin, for motion. Burt and Thompson, contra,
The attachment here was properly quashed in the Circuit Court; and the motion is refused.
Richardson, Gantt, O’Neall, Evans and Butleu, JJ., concurred.